UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| TYLER STAFFORD,<br><br>Plaintiff,<br><br>v.<br><br>ACCURATE BACKGROUND, LLC,<br><br>Defendant, | **Civil Action No:**_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff TYLER STAFFORD ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant ACCURATE BACKGROUND, LLC ("Accurate Background"), and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391b(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES AND SERVICE

### Plaintiff Tyler Stafford

4. Plaintiff is a resident of Taylor County, Texas, which is located in this District.

5. At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c).

### Defendant Accurate Background, LLC

6. Defendant Accurate Background is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Defendant may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 330 N Brand Blvd, Glendale, California 91203.

7. At all times material hereto, Defendant Accurate Background is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties, as said term is defined under 15 U.S.C. § 1681d.

8. Among other things, Defendant sells background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

9. Prior to October 2023, Plaintiff was employed by Mercy LLC.

10. Prior to October 2023, Mercy LLC shut down, and Plaintiff's employment was transferred to Hunt Legacy Holdings, LLC (the "Job").

11. On October 29, 2023, the Job informed Plaintiff that Plaintiff's continued employment with the Job was contingent on Plaintiff passing a background check serviced by Defendant

Accurate Background.

12. On October 29, 2023, the Job requested a background check consumer report on Plaintiff from Defendant Accurate Background.

13. On November 25, 2023, Defendant Accurate Background published a background check consumer report (the "Report") on Plaintiff to the Job.

14. The Report contained false and erroneous criminal history information that did not belong to Plaintiff.

15. The Report falsely and erroneously alleged that Plaintiff had been arrested and charged with possession of marijuana in 2021 in Hood County, Texas (the "First Charge").

16. The Report falsely and erroneously alleged that Plaintiff had been arrested and charged with evading arrest in 2021 in Hood County, Texas (the "Second Charge").

17. Plaintiff has never been arrested nor charged with the First Charge or Second Charge.

18. The Hood County, Texas court records indicate an individual with the same first and last name as Plaintiff, but a different middle name. See **Exhibit "A"**, a true and correct copy of the Hood County court records for "Tyler Stafford", and **Exhibit "B"**, a true and correct copy of Plaintiff's driver's license.

19. Defendant Accurate Background falsely and erroneously applied the criminal history of an individual with a similar name to Plaintiff on Plaintiff's background check report.

20. The false and erroneous reporting of the First Charge and Second Charge on Plaintiff's Report is objectively likely to mislead intended users of the Report.

21. The Job temporarily halted Plaintiff's employment due to Defendant Accurate Background falsely and erroneously reporting the First Charge and Second Charge.

22. On November 25, 2023, Plaintiff disputed the false and erroneous First Charge and

Second Charge on the Report with Defendant Accurate Background.

23. On December 4, 2023, Defendant Accurate Background republished a background check consumer report on Plaintiff without any false or erroneous charges (the "Second Report").

24. Defendant Accurate Background did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's Report because Accurate Background published a Report relating to Plaintiff which contained false and erroneous information pertaining to Plaintiff's criminal history.

25. Defendant Accurate Background failed to take adequate steps to verify information before Accurate Background included it in Plaintiff's consumer report and later published the Report to users.

26. Due to Defendant Accurate Background's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from employment denials, exasperation of time to fix the erroneous Report published by Accurate Background, loss of wages, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

27. Defendant Accurate Background willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
**Violation of the Fair Credit Reporting Act**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Accurate Background**

28. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

29. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq*.

30. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

   c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

31. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

32. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Accurate Background**

34. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

35. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

36. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

   c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

37. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

38.     Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

39.     Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

## **DEMAND FOR A TRIAL BY JURY**

40.      Plaintiff requests a trial jury on all issues and counts triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant Accurate Background;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant Accurate Background;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n from Defendant Accurate Background; and

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff any such other and further relief this Court may deem just and proper.


DATED: January 8, 2024                                    Respectfully Submitted,

 

                                                                   JAFFER & ASSOCIATES PLLC

*/s/ Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Road, Ste. 580
Dallas, Texas, 75240
Phone: (469) 589-5605
Fax:    (888) 509- 3910
E-mail: ndtx@jaffer.law
***Attorneys for Plaintiff***